## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 28 2018, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph L. Horton, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 28, 2018

Court of Appeals Case No.
18A-CR-1453

Appeal from the Allen Superior Court

The Honorable Samuel R. Keirns, Magistrate

Trial Court Cause No.
02D05-1606-F6-673

**Najam, Judge.**

# Statement of the Case

Joseph L. Horton, Jr. appeals the trial court's revocation of his placement in community corrections. Horton presents a single issue for our review, which we restate as the following two issues:

1.  Whether the State presented sufficient evidence to support the revocation of his placement.

2.  Whether the trial court abused its discretion when it revoked Horton's placement.

We affirm.

# Facts and Procedural History

In August of 2016, Horton pleaded guilty to invasion of privacy and intimidation, each as a Level 6 felony. The court accepted Horton's guilty plea and ordered him to serve his sentence on probation. In June of 2017, the State filed a notice of probation violation, and Horton later admitted to the alleged violations. The court ordered Horton to serve part of his previously suspended sentence in community corrections with the remainder of Horton's sentence suspended to probation. In September of 2017, the State filed a notice of placement violation, and Horton later admitted to the violations. The court then ordered Horton to serve his community-corrections placement at the Center for Solutions ("the Center"), a halfway house.

Thereafter, Horton met with Oscar Vasquez, the director of the Center, for an intake meeting on March 29, 2018. Horton applied and was admitted to the

Center. However, following that initial meeting, neither Vasquez nor the Center's two house managers saw Horton at the Center again. Accordingly, Vasquez investigated Horton's apparent nonattendance at the Center. Vasquez learned that Horton had "failed to sign in for a weekend pass and [had] also failed to notify the staff of his intentions" with respect to being present at the Center. Tr. at 11-12. After Horton's admission into the Center, "neither of the two house managers [could] recall meeting him or seeing him about the [C]enter." *Id.* at 12. Another resident who knew Horton "had not seen [Horton] beyond the date of admission." *Id.* And while investigating Horton's assigned living space, "no evidence of his belongings were found. No clothing, no toilet articles or other personal possessions." *Id.* Consequently, Vasquez was "convinced [Horton had] left the [C]enter without notifying the staff and . . . did not return." *Id.* Later, Vasquez "received a phone call from a female requesting readmission for [Horton]," which request Vasquez denied. *Id.*

[5] The State filed a notice of placement violation based on Horton's noncompliance with his placement at the Center. At an ensuing hearing, Vasquez testified for the State. Horton testified in his own defense and stated that he was at the facility every day but he had few possessions and, because of his work schedule, he was in late and out early and, thus, no one apparently saw him. The trial court revoked Horton's placement at the Center and ordered him to serve one year and 183 days in the Department of Correction. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Horton challenges the trial court's revocation of his placement at the Center. As we have explained, a defendant "is not entitled to serve a sentence in either probation or a community corrections program." *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). "Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right." *Id.* (quotation marks omitted). And a revocation hearing is civil in nature; as such, the State "need only prove the alleged violations by a preponderance of the evidence." *Id.* On appeal, we will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of his placement, we will affirm its decision to revoke that placement. *Id.*

## *Issue One: Sufficiency*

Horton first asserts that the State failed to present sufficient evidence to support the revocation of his placement at the Center. In particular, Horton contends that Vasquez's testimony that Horton had absconded from the Center is consistent with Horton's less nefarious explanation that he was working hours that kept people at the Center from seeing him and that he had few possessions. Thus, Horton continues, the State failed to present sufficient evidence to support the revocation of his placement.

[8]    But Horton's argument on appeal is simply a request for this Court to credit his testimony, which is not consistent with our standard of review. Vasquez testified that no one, including other residents, ever saw Horton at the Center at any point after Horton's first day there. Vasquez further testified that there was no other evidence that Horton had ever been there, such as personal belongings, toiletries, or Horton signing in or out for weekends. And Vasquez also testified, without objection, that a female had called on Horton's behalf, after the State had filed its notice of placement violation, seeking to have Horton readmitted to the Center. Looking only to the evidence most favorable to the trial court's judgment, as we must, we conclude that the State presented sufficient evidence to support the revocation of Horton's placement.

### Issue Two: Revocation

[9]    Horton also asserts that, the sufficiency of the evidence notwithstanding, the trial court abused its discretion when it revoked his placement at the Center. In particular, Horton asserts that he was "working and contributing to society"; that he had "tested negative at his last drug screen"; and that he had "plans on staying out of trouble by re-enrolling in school and working." Appellant's Br. at 18.

[10]    However, Horton's argument is, again, merely a request for this Court to reweigh the evidence, which we will not do. The evidence most favorable to the trial court's judgment shows that Horton's probation and placement had already been twice revoked in the instant cause, which revocations led to his placement at the Center. Yet, despite those multiple opportunities to comply

with probation and placement outside of the Department of Correction, Horton continued not to abide by the requirements of such placement. We cannot say that the trial court abused its discretion when, following the State's third notice of a placement violation in this cause number, the court revoked Horton's placement. We affirm.

[11]     Affirmed.

Crone, J., and Pyle, J., concur.